BENJAMIN B. WAGNER
United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-F-12-00081 LJO |
| | ) | |
| Plaintiff, | ) | PROTECTIVE ORDER CONCERNING STORAGE MEDIA CONTAINING CHILD PORNOGRAPHY |
| v. | ) | |
| | ) | |
| CHRISTOPHER KIRK, | ) | Honorable Lawrence J. O'Neill |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. An agent of the Federal Bureau of Investigation shall make a duplicate copy of any hard drive(s) and any other storage media available for defense analysis.

2. The duplicate copies of the hard drive and storage media shall be made available for defense counsel, Peggy Sasso and Charles Lee, and/or defendant's proposed expert, to review at the Sacramento FBI office (or in a nearby facility at which the FBI has agents present) for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for

defendant's defense.

3. A private area will be provided for the defense examination;

4. The expert will be permitted to bring whatever equipment, books, or records he or she believes may be necessary to conduct the examination;

5. Neither the defense expert nor defense attorney shall remove the hard drive or other storage media from the confines of the law enforcement office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive is not altered. Defense counsel and any designated expert will certify in writing (using the attached certification), that he has taken no materials which would be considered child pornography, or data capable of being converted into child pornography, (under federal law) and that he has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files.

7. Except when defense counsel or any designated defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should defense counsel or a defense expert fail to certify that counsel or the expert has not copied or removed child pornography, or data capable of being converted into

2

child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of the hard drives, the drive(s) or other storage devices shall be "forensically wiped" unless the defense requests that they be preserved for future review or use.

9. Any disputes regarding the above provisions or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated: __January 15, 2013__  ____/s/ Lawrence J. O'Neill____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-F-12-00081 LJO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER KIRK | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any images of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____         _____